UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
THE CITY OF BLAINE, *et al.*,                       )     No. C03-0813L
                                                                    )
                 Plaintiffs,                        )
   v.                                                          )     ORDER GRANTING PLAINTIFFS'
                                                                    )     MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*,           )     REFUSAL TO PAY LUMMI TO
                                                                    )     MONITOR CONSTRUCTION AS TO
                 Defendants.                       )     CONTRACT CLAIM ONLY
_____)

        This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding the Decision not to Pay the Lummi to Observe the Work of Golder and its Employee Gordon Tucker (as it Pertains to the Contract Claims Only)."  Dkt. # 206.  Plaintiffs seek to preclude defendants from presenting any evidence or arguments tending to show that the City of Blaine's damages in this case were caused not by defendants' breach of the Memorandum of Agreement, but rather by the City's refusal to pay the Lummi Nation to monitor the construction activities at the Semiahmoo site.  Defendants assert that plaintiffs' motion in limine is improper because it seeks to exclude arguments, not specific evidence (citing Fenimore v. Donald M. Drake Constr. Co., 87 Wn.2d 85, 91 (1976)) and that the jury could reasonably conclude that the City's decision not to pay the Lummi to monitor the excavation was the proximate cause of the damages claimed in this suit.

ORDER GRANTING PLAINTIFFS' MOTION IN
LIMINE REGARDING REFUSAL TO PAY
LUMMI TO MONITOR CONSTRUCTION

For the reasons stated in this Court's "Order Granting Plaintiffs' Motion in Limine Regarding Mitigation of Damages After August 5, 1999," of even date, the Court finds that plaintiffs' motion is a proper request to exclude from trial all evidence and argument regarding an invalid defense.

The City's decision not to pay the Lummi to monitor the construction activities pre-dated defendants' agreement to perform archaeological monitoring during the excavation process. The fact that the City could have avoided the losses at issue in this litigation by making different pre-contract decisions (such as hiring a different archaeological firm or hiring three firms to provide duplicative services) does not excuse Golder's failure to comply with the terms of its contract and are simply too remote to be considered the legal cause of plaintiffs' contract-related damages. Because plaintiffs' motion is based on the argument that evidence related to the City's failure to pay the Lummi is irrelevant to its contract claim, the motion is GRANTED.[1]

DATED this 20th day of September, 2005.

Robert S. Lasnik
United States District Judge

---

[1] Plaintiffs have not challenged the admissibility of this same evidence as it relates to the hold harmless provision of the Memorandum of Agreement. The Court notes, without deciding, that it appears that the City's decision to proceed with the excavation without a Lummi representative present may be relevant to the contributory negligence issue raised by the hold harmless provision. See "Order Denying Plaintiffs' Motion in Limine Regarding Alleged Acts of Negligence on the Part of the City of Blaine," of even date.

ORDER GRANTING PLAINTIFFS' MOTION IN
LIMINE REGARDING REFUSAL TO PAY
LUMMI TO MONITOR CONSTRUCTION            -2-