1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                         )
THE CITY OF BLAINE, *et al.*,                  )         No. C03-0813L
                                                         )
                              Plaintiffs,       )
         v.                                              )         ORDER DENYING PLAINTIFFS'
                                                         )         MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*,        )         MITIGATION OF DAMAGES IN
                                                         )         JULY 1999
                              Defendants.       )
_____)

        This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding

the Defendants' Argument that the Plaintiffs Had a Duty to Mitigate Damages in July 1999."

Dkt. # 200.  Plaintiffs seek an order excluding from trial all evidence or arguments tending to

show that the City of Blaine had a duty to mitigate damages by stopping the construction project

at any point in July 1999.  Plaintiffs maintain that because the City was led to believe that

defendants were complying with the Memorandum of Agreement and/or because the City

suffered no damages until after the construction project was stopped in August 1999, a

mitigation defense related to the July 8 - 26 time period is not viable.

        In October 2004, plaintiffs moved for partial summary judgment on defendants'

mitigation defense.  After reviewing the evidence submitted by both parties, the Court found that

a reasonable jury could look at the facts of this case "and conclude that, even if the City did not

ORDER DENYING PLAINTIFFS' MOTION IN
LIMINE REGARDING MITIGATION OF
DAMAGE IN JULY 1999

have actual knowledge of the wrongful acts as they were occurring, it should have known.  If defendants are able to convince the jury that the City knew or should have known that notice was not being given after July 8, 1999, a failure to mitigate would be a viable defense." Order Granting in Part Plaintiffs' Motion to Strike Affirmative Defenses at 3 (dated 2/3/05).  Plaintiffs did not seek reconsideration of that order and have not shown that the order constitutes manifest error.  In fact, plaintiffs acknowledged that, as of July 26, "the City had knowledge, acquired from Tucker, that Tucker had contacted the Lummi on at least three occasions concerning the discovery of human remains, but that the Lummi had not responded."  Motion at 10.  In The Lummi Nation v. Golder Associates, Inc., C01-1003L (W.D. Wash), the Court found that Golder breached its contractual obligations when it failed to notify the Lummi that human remains had been discovered at the site.  Plaintiffs apparently knew that the notification and consultation requirements of the Memorandum of Agreement were not taking place:  the jury could therefore conclude that plaintiffs knew all of the facts that gave rise to defendants' breach on or before July 26.

Plaintiffs' argument that they suffered no damages, and therefore could not take steps to mitigate their losses, until after the construction project was stopped is unpersuasive. Plaintiffs seek to recover payments made to third parties to compensate them for injuries caused by the improper removal of human remains from the construction site.  Those damages began to accrue when defendants' first breached the Memorandum of Agreement.  Plaintiffs could have reduced or otherwise limited the third-party losses by stopping all construction in the affected areas until the Lummi could be consulted regarding "how and to what extent the remains should be treated."  Memorandum of Agreement, Attachment C at 39.  They did not do so and defendants will be permitted to argue that plaintiffs should have mitigated their damages in July 1999.

ORDER DENYING PLAINTIFFS' MOTION IN
LIMINE REGARDING MITIGATION OF
DAMAGE IN JULY 1999                                    -2-

1        For all of the foregoing reasons, plaintiffs' motion in limine regarding mitigation

2  of damages in July 1999 is DENIED.

3

4

5        DATED this 20th day of September, 2005.

6

7                      Robert S. Lasnik

8                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER DENYING PLAINTIFFS' MOTION IN
LIMINE REGARDING MITIGATION OF
DAMAGE IN JULY 1999          -3-