1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   _____
                                            )
9   THE CITY OF BLAINE, *et al.*,           )      No. C03-0813L
                                            )
10                          Plaintiffs,     )
                    v.                      )      ORDER GRANTING PLAINTIFFS'
11                                          )      MOTION IN LIMINE REGARDING
    GOLDER ASSOCIATES, INC., *et al.*,      )      MITIGATION OF DAMAGES AFTER
12                                          )      AUGUST 5, 1999
                            Defendants.     )
13  _____ )

14

15          This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding

16  Mitigation of Damages After August 5, 1999."  Dkt. # 202.  Plaintiffs seek an order excluding

17  from trial all evidence and arguments regarding the City of Blaine's alleged failure to mitigate

18  damages after the construction project was halted on August 5, 1999.  Plaintiffs maintain that

19  defendants disavowed any intent to pursue such a defense during discovery.  Defendants do not

20  address plaintiff's disavowal argument, instead relying on Fenimore v. Donald M. Drake Constr.

21  Co., 87 Wn.2d 85, 91 (1976), for the proposition that motions in limine can be used only to

22  challenge the admissibility of specific evidence, not arguments.

23          The Court disagrees on both the facts and the law.  Plaintiffs' motion seeks to

24  exclude both evidence tending to show that plaintiffs' failed to mitigate after August 5, 1999,

25  and arguments that would in any way imply that plaintiffs failed to satisfy a duty to mitigate

26  ORDER GRANTING PLAINTIFFS' MOTION IN
    LIMINE REGARDING MITIGATION OF
    DAMAGE AFTER AUGUST 5, 1999

1   after construction was stopped.  Such motions are common: counsel wants to ensure that an

2   invalid theory of recovery or defense is not presented to the jury through the admission of

3   evidence or through the arguments of counsel.  <u>Fenimore</u> contains no sweeping statement

4   regarding the proper focus of a motion in limine.  Rather, the case stands for the proposition that

5   a motion to exclude must identify the objectionable matter "with sufficient specificity to enable

6   the trial court to determine that it is clearly inadmissible under the issues as drawn or which may

7   develop during the trial . . . ."  87 Wn.2d 91.  Plaintiffs' motion is detailed enough to allow the

8   Court to determine that defendants, through counsel, have waived any argument that plaintiffs'

9   failed to mitigate damages after the construction project was stopped on August 5, 1999.

10

11         For all of the foregoing reasons, plaintiffs' motion in limine regarding mitigation

12  of damages after August 5, 1999, is GRANTED.

13

14

         DATED this 20th day of September, 2005.

15

16

                    *MM S Lasnik*

17                  Robert S. Lasnik
                    United States District Judge
18

19

20

21

22

23

24

25

26  ORDER GRANTING PLAINTIFFS' MOTION IN
    LIMINE REGARDING MITIGATION OF
    DAMAGE AFTER AUGUST 5, 1999            -2-