1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                            )
THE CITY OF BLAINE, *et al.*,                   )        No. C03-0813L
                                                            )
                                    Plaintiffs,        )
          v.                                            )        ORDER DENYING PLAINTIFFS'
                                                            )        MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*,        )        ALLEGED ACTS OF NEGLIGENCE
                                                            )        ON THE PART OF THE
                                    Defendants.        )        CITY OF BLAINE
_____)

          This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding
Alleged Acts of Negligence on the Part of the City of Blaine (as it Pertains to the
Subrogation/Indemnity Claims Only)." Dkt. # 219.  Plaintiffs seek an order excluding from trial
all evidence or arguments tending to show that the City of Blaine was negligent as that term is
used in the hold harmless provision of the Professional Services Agreement between the City
and Golder Associates, Inc.  Plaintiffs maintain that the City owed no duty to the Lummi Nation,
Larry Freeman, or L. Freeman and Sons Construction, that it was not negligent toward any of
those entities, and that it therefore cannot be found "solely negligent" for any of the damages or
injuries they suffered.

          Plaintiffs' motion is an untimely request for summary judgment.  Plaintiffs seek a
dispositive ruling that the City is not, as a matter of law, negligent and that the exception to the

ORDER DENYING PLAINTIFFS' MOTION IN LIMINE
REGARDING ALLEGED ACTS OF NEGLIGENCE

hold harmless provision of the Professional Services Agreement does not apply.  The deadline for dispositive motions passed long ago, however, and plaintiffs have made no attempt to explain why this matter could not have been timely raised.

Even if the Court were to consider plaintiffs' motion on its merits, there are genuine issues of fact which preclude a finding that, as a matter of law, plaintiffs did not owe and/or breach a duty owed to the Lummi Nation or Larry Freeman.  Contrary to plaintiffs' arguments in reply, there is evidence in the record from which one could conclude that the City, knowing of the Lummi's special interest in and historical relationship to the Semiahmoo site, cut corners (*i.e.*, did not use ordinary care) when it came to its own and its contractors' monitoring, notice, and oversight activities.  Further, there is evidence that the City knew or should have known that defendants had failed to comply with the terms of the Memorandum of Agreement at all times after July 8, 1999, and yet failed to take corrective action.  To the extent the jury accepts defendants' interpretation of the evidence, it would be possible to conclude that the City had its own obligations toward the Lummi, the breach of which caused damage to the Lummi and the Freeman entities independent of defendants' failure to carry out their duties under the Memorandum of Agreement.

For all of the foregoing reasons, plaintiffs' motion in limine regarding alleged acts of negligence on the part of the City of Blaine is DENIED.

DATED this 20th day of September, 2005.

*MW S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION IN LIMINE
REGARDING ALLEGED ACTS OF NEGLIGENCE  -2-