UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
THE CITY OF BLAINE, *et al.*,       )    No. C03-0813L
                                    )
                    Plaintiffs,     )
        v.                          )    ORDER GRANTING IN PART
                                    )    PLAINTIFFS' MOTION IN LIMINE
GOLDER ASSOCIATES, INC., *et al.*,  )    REGARDING BREACH OF CONTRACT
                                    )    CLAIMS
                    Defendants.     )
_____)

This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding its Breach of Contract Claims Against the Defendants and Defendants['] Breach of Contract Claims Against the City of Blaine." Dkt. # 212.  Plaintiffs seek to preclude defendants from arguing that certain facts constitute a breach of contract by the City of Blaine or support a defense to plaintiffs' breach of contract claim.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1)  For the reasons stated in this Court's "Order Granting Plaintiffs' Motion in Limine Regarding Mitigation of Damages After August 5, 1999" (filed 9/20/05), the Court finds that plaintiffs' motion is a proper request to exclude from trial all argument regarding invalid theories of defense.

(2) Defendants' counterclaim asserting that the City of Blaine breached contractual duties owed to Golder Associates, Inc., was dismissed pursuant to this Court's "Order Granting

ORDER GRANTING IN PART PLAINTIFFS'
MOTION IN LIMINE REGARDING
BREACH OF CONTRACT CLAIMS

Plaintiffs' Motion to Dismiss Counterclaims." Dkt. # 221.  Defendants will not be permitted to seek damages or otherwise recover based on the City's alleged breach.

(3) To the extent that frustration of purpose and impossibility are defenses that must be set forth affirmatively under Fed. R. Civ. P. 8(c), defendants have done so by asserting that plaintiffs' damages, if any, were unavoidable from the standpoint of defendant.  Answer at 11 (Dkt. # 129).  Defendants will be permitted to argue that the City of Blaine's interest in completing the construction project in a timely and efficient manner was in conflict with its duty to protect remains that might be found at the site and that this conflict contributed to, if not caused, defendants' failure to meet its contractual obligations.  Whether such an argument is persuasive given the fact that the City took steps to alleviate this relatively common conflict will be for the jury to decide.

(4)  For the reasons stated in this Court's "Order Granting Plaintiffs' Motion in Limine Regarding Refusal to Pay Lummi to Monitor Construction as to Contract Claim Only" (filed 9/20/05), evidence related to the City's failure to pay the Lummi, to ensure the daily presence of state or federal agencies at the site, or to adopt defendants' pre-contract recommendations regarding monitoring and mitigation is irrelevant to plaintiffs' contract claim.  Such evidence may nevertheless be relevant to the contributory negligence issue raised by the hold harmless provision.  See "Order Denying Plaintiffs' Motion in Limine Regarding Alleged Acts of Negligence on the Part of the City of Blaine" (filed 9/20/05).

(5) As stated previously in a number of other contexts, there is evidence from which a reasonably jury could conclude that the City knew or should have known about defendants' wrongful conduct at all times after July 8, 1999.  Similarly, there is evidence that the City, through Tony Kelsey, had information regarding Gordon Tucker's plan to take human remains back to Colorado before August 2, 1999.  Plaintiffs' arguments regarding the division of labor between Tony Kelsey, Gordon Tucker, and Grant Stewart may be presented to the jury, which

will then determine whether the City acted reasonably, approved defendants' actions, and/or failed to mitigate the losses it seeks to recover in this litigation.[1]

(6) Defendants have not identified any contractual obligation on the part of the City to have its construction manager read, be familiar with, or enforce the Professional Services Agreement or the Memorandum of Agreement.  The fact that the City could have avoided the losses at issue in this litigation by taking extra-contractual steps to ensure Golder's compliance does not excuse Golder's failure to satisfy the terms of its contract.  The City's failure to provide a copy of the relevant contracts to Tony Kelsey is irrelevant to its contract claim and cannot be presented as a defense thereto.  Plaintiffs have not challenged the admissibility of this same evidence as it relates to the hold harmless provision of the Memorandum of Agreement, however, and it appears that the City's actions may be relevant to the contributory negligence issue raised by the hold harmless provision.  See "Order Denying Plaintiffs' Motion in Limine Regarding Alleged Acts of Negligence on the Part of the City of Blaine" (filed 9/20/05).

For all of the foregoing reasons, plaintiffs' motion in limine regarding evidence and arguments related to the contract claims is GRANTED in part and DENIED in part.

DATED this 21st day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defendants will not, however, be permitted to argue that the City's alleged approval of Tucker's notification efforts and transportation plans worked a modification of the Professional Services Agreement or the Memorandum of Agreement.  Defendants did not assert either waiver or modification as a defense to plaintiffs' breach of contract claim.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION IN LIMINE REGARDING
BREACH OF CONTRACT CLAIMS            -3-