UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CITY OF BLAINE, *et al.*, <br><br>                Plaintiffs, <br>    v. <br><br>GOLDER ASSOCIATES, INC., *et al.*, <br><br>                Defendants. | No. C03-0813L <br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE REGARDING DEFENDANTS' WITNESSES |

This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding the Exclusion of Defendants' Witnesses." Dkt. # 217. Having reviewed the memoranda, exhibits, and declarations submitted by the parties, the Court finds as follows:

(1) Plaintiffs have apparently withdrawn their objection to the testimony of Sarah Campbell.

(2) Defendants have indicated their intent to call James Hillaire, Juanita Jefferson, Larry Kinley, Laverne Lane Oreiro, Joan Stevenson, and Steven Solomon to testify live at trial. If these witnesses become unavailable, defendants shall alert the Court and plaintiffs as soon as practicable so that a determination may be made as to whether the Lummi Nation had the same motive to cross-examine these witnesses and whether the Lummi's participation in the deposition satisfies the requirements of Fed. R. Civ. P. 32(a). See Hub v. Sun Valley Co., 682 F.2d 776, 778 (9th Cir. 1982) (noting that the "same motive" analysis disregards the "same

ORDER GRANTING IN PART PLAINTIFFS'
MOTION IN LIMINE REGARDING WITNESSES

parties" requirement of Rule 32(a) and "fails to take into account the possibility that the prior opponent mishandled the cross-examination.").

(3) Neither party has provided sufficient information regarding the Washington State Department of Transportation project in Port Angeles and/or its termination for the Court to determine whether testimony related to that project would satisfy Fed. R. Ev. 402 and 403. Whether David Rice and Robert Whitlam will be permitted to testify cannot be determined on the existing record. Defendants shall make an offer of proof before calling either of these witnesses to the stand.

(4) Defendants assert that David White was a member of the City Council of the City of Blaine during the relevant time period. Assuming defendants are able to lay a proper foundation for his testimony, Mr. White will be permitted to testify regarding what the City knew and did with regard to the contracting, execution, and termination of the construction project.

(5) Evidence regarding the events that transpired at Craig Bay, British Columbia, and the reaction of the indigenous peoples may help the factfinder determine whether the termination of the Semiahmoo project should be attributed to the existence of human remains at the site or to defendants' failure to notify the Lummi that such remains had been found. Plaintiffs' objection to Ian Wilson's proposed testimony as irrelevant is overruled.

For all of the foregoing reasons, plaintiffs' motion in limine regarding defendants' witnesses is GRANTED in part and DENIED in part.

DATED this 21st day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION IN LIMINE REGARDING WITNESSES   -2-