UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
THE CITY OF BLAINE, *et al.*,      )   No. C03-0813L
                                   )
              Plaintiffs,          )
     v.                            )   ORDER GRANTING PLAINTIFFS'
                                   )   MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*, )   TERMINATION AND ALLOCATION
                                   )
              Defendants.          )
_____)

This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding the Termination of the Memorandum of Agreement and Allocation of Fault to Non-Parties." Dkt. # 204. Plaintiffs request an order precluding defendants from arguing that (1) the termination of the Memorandum of Agreement was improper, illegal, or negligent and that such termination caused plaintiffs' damages, (2) the requirement that the Lummi Nation agree to the terms of a new Memorandum of Agreement caused plaintiffs' damages, or (3) some non-party entity caused injury and damage to the Lummi and/or Freeman. Having reviewed the memoranda, exhibits, and declarations submitted by the parties, the Court finds as follows:

Defendants have agreed not to "seek at trial an allocation of fault to non parties." Response of Defendants to Plaintiffs' Motion for Partial Summary Judgment Striking

ORDER GRANTING PLAINTIFFS' MOTION IN
LIMINE REGARDING TERMINATION AND
ALLOCATION

Defendants' Affirmative Defenses at 8 (Dkt. # 148).  Although the contours of this disavowal are not altogether clear,[1] at the time it was made, defendants differentiated the potential fault of third parties, which they would not attempt to prove, from the alleged fault of the City itself.  Id.  The Court relied on defendants' disavowal in its Order Granting in Part Plaintiffs' Motion to Strike Affirmative Defenses and further found that defendants had failed to support their assertion that the termination provision of the Memorandum of Agreement had been violated.  See Dkt. # 227 at 2-4.  Based on the litigation history of this case, defendants will not be permitted to introduce evidence or argue that the Memorandum of Agreement was improperly terminated, that the requirement that the Lummi agree to the terms of a new agreement was arbitrary, or that a non-party caused injury or damage to the Lummi Nation or the Freeman entities.

For all of the foregoing reasons, plaintiffs' motion in limine regarding the alleged fault of non-parties is GRANTED.

DATED this 21st day of September, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defendants now claim that they withdrew their affirmative defenses "that sought to allocate fault for *plaintiffs'* damages to a non-party under RCW 4.22.070, and nothing else."  Opposition at 7 (Dkt. # 239) (emphasis in original).  The only damages at issue in this litigation are those incurred by plaintiffs, either directly or indirectly, so it is not clear what distinction defendants are attempting to make.  When faced with a clear challenge to their ability to allocate fault to various third parties (see Plaintiffs' Motion for Partial Summary Judgment Striking Defendants' Affirmative Defenses, Dkt. # 137), defendants stated that their defense would turn on the City's acts and omissions, not those of non-parties.  Their recent effort to distinguish between plaintiffs' damages and some other entity's damages is not logical or persuasive.