UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
THE CITY OF BLAINE, *et al.*,      )   No. C03-0813L
                                   )
              Plaintiffs,          )
       v.                          )   ORDER GRANTING IN PART
                                   )   DEFENDANTS' MOTIONS IN
GOLDER ASSOCIATES, INC., *et al.*, )   LIMINE
                                   )
              Defendants.          )
_____)

This matter comes before the Court on "Defendants' Motions in Limine." Dkt. # 210. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Defendants' objections to the testimony of Robert Anderson and James Pike are overruled to the extent that these witnesses are not being offered as experts and defendants have not shown that their disclosure pursuant to Fed. R. Civ. P. 26(a)(3) was untimely. Anderson and Pike will not, however, be permitted to offer opinion testimony.

(2) Defendants have not shown that the disclosure of Ron Brown and Bill Persich was untimely or insufficient. Although the identity of any witness who will provide expert testimony under Fed. R. Ev. 702, 703, or 705 must be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A), an expert report is required only for those experts who were "retained or specially employed to

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE

provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Such is not the case here. Brown and Persich appear to be analogous to the treating physician discussed in the Advisory Committee Notes, and no report was required.

(3) "Kennedy/Jenks Consultants" will not, however, be permitted to testify at trial. Disclosure of a firm does not satisfy Fed. R. Civ. P. 26(a)(2)(A): defendants do not know the name of the potential witness and have had no opportunity to prepare for his or her testimony. In addition, there is no indication that Kennedy/Jenks Consultants played any role in the events underlying this litigation, with the implication being that the firm has been specially employed to provide expert testimony regarding wastewater treatment alternatives.

(4) While plaintiffs' failure to disclose the compensation paid to William Hanlin and to list other cases in which he has testified in a timely matter is of concern, defendants did not attempt to obtain the missing information through a discovery motion and have not argued, much less shown, that the failure prejudiced their ability to meet Hanlin's testimony. The Court assumes, based on the representations of counsel, that plaintiffs have provided the information sought: Hanlin will be permitted to testify at trial.

(5) In the context of Plaintiffs' Omnibus Motion in Limine, both parties agreed that evidence regarding defense counsel's efforts to resolve the dispute that arose following termination of the Semiahmoo project should not be admitted at trial. Neither party shall attempt to put before the jury any evidence or argument regarding Mr. Bond's actions in this dispute without prior approval of the Court.

(6) Plaintiffs do not intend to offer Exhibit No. 887 into evidence at trial. Whether the PowerPoint presentation can be presented to the jury as a demonstrative exhibit will be determined at trial.

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE            -2-

1  For all of the foregoing reasons, defendants' motions in limine are GRANTED in
2  part and DENIED in part.

3  DATED this 22nd day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANTS' MOTIONS IN LIMINE    -3-