UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE CITY OF BLAINE, *et al.*,

            Plaintiffs,

  v.

GOLDER ASSOCIATES, INC., *et al.*,

            Defendants.

No. C03-0813L

ORDER GRANTING IN PART PLAINTIFFS' OMNIBUS MOTION IN LIMINE

       This matter comes before the Court on "Plaintiffs' Omnibus Motion in Limine." Dkt. # 216. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

       (1) Whether Grant Stewart has personal knowledge and/or relevant information regarding the writings of Tony Kelsey will be determined on a question-by-question basis at trial.

       (2) Both parties agree that evidence regarding defense counsel's efforts to resolve the dispute that arose following termination of the Semiahmoo project should not be admitted at trial.

       (3) Both parties agree that evidence regarding the fact that defense counsel or his firm represented the City of Blaine in an unrelated matter should not be admitted at trial.

       (4) The City's decision not to expand the wastewater treatment plant at the Semiahmoo site pre-dated defendants' agreement to perform archaeological monitoring during the excavation

ORDER GRANTING IN PART PLAINTIFFS'
OMNIBUS MOTION IN LIMINE

1  process. The fact that the City could have avoided the losses at issue in this litigation by making
2  different pre-contract decisions (such as building a new plant on a different site or hiring a
3  different archaeological firm) does not excuse Golder's failure to comply with the terms of its
4  contract and are simply too remote to be considered the legal cause of plaintiffs' contract-related
5  damages. Nevertheless, it appears that the City's decision to proceed with the expansion on an
6  ancient village site may be relevant to the contributory negligence issue raised by the hold
7  harmless provision. <u>See</u> "Order Denying Plaintiffs' Motion in Limine Regarding Alleged Acts
8  of Negligence on the Part of the City of Blaine," filed 9/20/05.

9     (5) Defense counsel shall not argue in opening statement that the City of Blaine's
10 decision to proceed with the construction project was negligent in light of the Lummi Nation's
11 refusal to sign the Memorandum of Agreement. Whether there will be any evidence admitted at
12 trial which could support a finding of duty and breach on the City's part cannot be determined
13 on the present record.

14     (6) - (8) Lay witnesses, including Anthony Mortillaro and Grant Stewart, will not be
15 permitted to testify that the Memorandum of Agreement was improperly terminated. They may,
16 however, testify regarding the facts surrounding the termination to the extent that they have
17 personal knowledge of those facts. As stated in this Court's "Order Granting Plaintiffs' Motion
18 in Limine Regarding Termination and Allocation," such evidence will not be admitted if offered
19 for the sole purposes of allocating fault to non-parties.

20     (9) - (10) Defendants will not be permitted to argue that they did not breach the duties of
21 notification and consultation owed to the Lummi Nation. The Court has not, however, had an
22 occasion to decide whether defendants also breached contractual duties owed to the City of
23 Blaine, Rural Development, or the State Historic Preservation Officer ("SHPO"). If defendants
24 are able to show that plaintiffs in fact knew that human remains had been discovered, that
25 attempts to contact the Lummi had failed, and that Gordon Tucker planned to remove the

ORDER GRANTING IN PART PLAINTIFFS'
OMNIBUS MOTION IN LIMINE                    -2-

1  remains to Colorado, a reasonable factfinder could conclude that defendants had not breached
2  the contractual notification duties owed to the City.  To the extent plaintiffs seek a dispositive
3  ruling that defendants breached duties owed to the City, Rural Development, and SHPO, the
4  motion is an untimely request for summary judgment.
5       (11) Neither party will be permitted to place before the jury evidence regarding the status
6  of defendants' insurers during the first phase of trial.
7       (12) The timeliness of defendants' disclosures must be determined on a witness-by-
8  witness basis at trial.

10       For all of the foregoing reasons, plaintiffs' omnibus motion in limine is
11  GRANTED in part and DENIED in part.

         DATED this 21st day of September, 2005.


                                    /s/ Robert S. Lasnik
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
OMNIBUS MOTION IN LIMINE            -3-