UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
THE CITY OF BLAINE, *et al.*,                    )      No. C03-0813L
)
                Plaintiffs,    )
    v.                                     )      ORDER GRANTING PLAINTIFFS'
)      MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*,         )      DUTIES OWED TO GOVERNMENT
)      ENTITIES
                Defendants.   )
_____)

        This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding Defendants' Legal Contention in the Pretrial Order that the City of Blaine Owed a Duty of Care to the United States Department of Agriculture of the State of Washington." Dkt. # 330.[1] Defendants argue that evidence tending to show that the City breached a duty of care owed to government entities "is relevant to the question of comparative fault and is therefore admissible." Response at 2 (Dkt. # 367).

        In prior orders, the Court noted that whether plaintiffs owed a duty to the Lummi Nation, Larry Freeman, or L. Freeman and Sons Construction may be relevant to the calculation

---

[1] This matter can be decided on the papers submitted by the parties. Plaintiffs' request for oral argument is DENIED.

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE REGARDING DUTIES
OWED TO GOVERNMENT ENTITIES

of damages in this case.  If, for example, the City's settlement payment to the Lummi Nation resolved a breach of a duty it owed to the Tribe, as opposed to a breach of a duty defendants owed to the Tribe, defendants may not be liable for those payments.  It is not clear, however, how the City's potential negligence toward the United States Department of Agriculture ("USDA") or the State of Washington would be relevant to this case.  Defendants suggest that the City's failure to fulfill duties owed to these entities supports their theory that the City "cut corners" at the Semiahmoo site.  Not every instance of the City's negligence is relevant to this case and defendants make no effort to explain the nature of the alleged duty owed to these entities or to link the alleged negligence and the liabilities or damages at issue in this litigation. Even if the Court were to assume that the City was negligent toward the USDA and/or the State, it does not necessarily follow, and defendants have not shown, that such negligence would affect the allocation of liability or damages as between the City and defendants.  In addition, any marginal relevance the City's alleged negligence toward third-parties may have is substantially outweighed by the confusion, waste, and delay that would arise were these issues put to the jury.

For all of the foregoing reasons, plaintiffs' motion to exclude evidence and argument regarding the City's alleged negligence toward the USDA and/or the State of Washington is GRANTED.

DATED this 12th day of May, 2006.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE REGARDING DUTIES
OWED TO GOVERNMENT ENTITIES            -2-