UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                    )
THE CITY OF BLAINE, *et al.*,                     )    No. C03-0813RSL
                                                                    )
                         Plaintiffs,                         )
           v.                                                  )    ORDER GRANTING PLAINTIFFS'
                                                                    )    MOTION IN LIMINE REGARDING
GOLDER ASSOCIATES, INC., *et al.*,          )    DUTY TO ENSURE GOVERNMENT
                                                                    )    MONITORING
                         Defendants.                     )
_____)

        This matter comes before the Court on "Plaintiffs' Motion in Limine Regarding Defendants' Factual Contention that the City of Blaine had a Duty to Ensure the Daily Presence of State or Federal Agencies at the Site." Dkt. # 331.[1] Defendants intend to argue that the City of Blaine should have had representatives of the state or federal government at the site to monitor construction activities and, presumably, prevent defendant Golder Associates, Inc., from breaching its contractual obligations.

        The two primary liability issues in this case are whether Golder Associates breached contractual duties owed to the City of Blaine and whether the City, by its own actions,

---

[1] This matter can be decided on the papers submitted by the parties. Plaintiffs' request for oral argument is DENIED.

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE REGARDING DUTY
TO ENSURE GOVERNMENT MONITORING

caused defendant's breach.  The fact that the City may have been able to avoid the losses at issue in this litigation by negotiating a different contract, by hiring a different archaeological firm, or by engaging additional entities to oversee defendants' work does not excuse Golder's failure to comply with the terms of its contract and is simply too remote to be the legal cause of plaintiffs' contract-related damages.

With regards to the hold harmless provision of the Memorandum of Agreement, defendants have not presented any argument or evidence that would support a finding that the City had a contractual, statutory, or regulatory duty to ensure the presence of state or federal monitors at the site.  Absent a duty, defendants will not be able to show that the City's failure to obtain government monitors constituted negligence for purposes of the hold harmless provision.

For all of the foregoing reasons, plaintiffs' motion in limine regarding the City's alleged failure to ensure the presence of state or federal monitors is GRANTED.

DATED this 12th day of May, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION IN LIMINE REGARDING DUTY
TO ENSURE GOVERNMENT MONITORING          -2-