UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CITY OF BLAINE, *et al.*, | No. C03-0813L |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANT GOLDER ASSOCIATES, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW |
| GOLDER ASSOCIATES, INC., *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on "Golder Associates Inc.'s Motion for Judgment as a Matter of Law" (Dkt. #451). Defendant Golder Associates, Inc. ("GAI") seeks entry of judgment as a matter of law on three grounds: (1) plaintiffs' subrogation indemnity claim is barred under the Washington Insurance Guaranty Association Act (RCW 48.32) because Reliance Insurance Company, the carrier for defendant GAI's commercial general liability (CGL) policy, is an insolvent insurer; (2) plaintiffs' indemnity claim should be dismissed because they did not present evidence of "property damage" to the jury; and (3) plaintiffs' breach of contract claim should be dismissed because they did not present sufficient evidence of causation to the jury.

Plaintiffs assert in response that: (1) the subrogation indemnity claim does not meet the definition of "covered claim" under the Washington Insurance Guaranty Association Act and the

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW

Reliance Insurance Company policy, therefore it is not barred by RCW 48.32.030; (2) the relevant indemnity provision did not require a showing of property damage; and (3) sufficient evidence of causation was shown at trial for the jury to award contract damages. For the reasons set forth below, the Court denies defendant GAI's motion.

## II.  DISCUSSION

**A.     Background**

Early in this case, on February 19, 2004, defendants filed a "Motion to Dismiss Subrogation Claim" (Dkt. #26). As part of this motion, defendants argued that plaintiffs' claims were barred under the Washington Insurance Guaranty Association Act. On June 2, 2004, the Court denied this motion in part because defendants failed to show that plaintiffs' claims fell within the coverage of the Reliance Insurance Company CGL policy. See Dkt. #67 at 2.

Shortly before trial, plaintiffs filed a motion in limine seeking to preclude defendants from arguing to the jury that the subrogation claims were barred under RCW 48.32.030. See Dkt. #329. On May 12, 2006, the Court granted plaintiffs' motion in limine because defendants agreed not to present any evidence at trial of whether they were entitled to dismissal of the subrogation claims under RCW 48.32.030. See Dkt. #395. The Court's May 12 Order, however, was without prejudice to the filing of a post-trial motion on the applicability of RCW 48.32.030 to the Reliance Insurance Company CGL policy and subrogation claim. Id. at 2.

On June 1, 2006, the jury found that defendant GAI breached its contract with plaintiff City of Blaine and that this breach resulted in $91,025.00 in damages. See Dkt. 449 (Verdict Form) at 1. The jury also found that defendant GAI was negligent in providing archeological monitoring services and this negligence was a cause of the expenses incurred by plaintiffs' insurers in connection with the Lummi Nation and/or Larry Freedman claims. Id. at 2. Defendant GAI filed its post-verdict motion for judgment as a matter of law ("JMOL") on August 2, 2006 (Dkt. #451).

**B.    Motion to Strike**

As a preliminary matter, defendant GAI moves to strike paragraphs 1-5 of the Declaration of Aaron D. Bigby and accompanying exhibits pages 5-39 (Dkt. #480) as inadmissible hearsay under Fed. R. Evid. 802.  See Reply at 1.  The material that defendant GAI moves to strike, however, is already part of the record in this case.  See Dkt. #31 (Plaintiffs' Response to Defendants' Motion to Dismiss Subrogation Claim); Dkt. #32 (Declaration of Aaron D. Bigby) at Ex. 1, pgs. 2-22; Ex. 3; Ex. 4, pgs. 2-4.  "[I]n entertaining a motion for judgment as a matter of law, the court should review all the evidence in the record."  Reeves v. Sanderson Plumbing Prods., Inc. 530 U.S. 133, 150 (2000).  Therefore, the Court has included the Bigby Declaration (Dkt. #31) and accompanying exhibits in its review of defendant's motion for JMOL.  These exhibits, bates-stamped "Golder," were produced by defendant GAI in the litigation and are therefore deemed authenticated.  See United States v. Brown, 688 F.2d 1112, 1116 (7th Cir. 1982) (holding the "very act of production is implicit authentication").

Furthermore, defendant GAI has failed to identify which statements in Mr. Bigby's declaration and accompanying exhibits are inadmissible hearsay or why they constitute hearsay.[1]  The letters attached to Aaron Bigby's Declaration pages 5-39 (Dkt. #480), as evidence of Reliance Insurance Company's refusal to provide coverage, fall within the hearsay exception under Fed. R. Evid. 803(6) as Reliance Insurance Company business records.  See Fed. R. Evid. 803(6).  For these reasons, defendant's motion to strike is denied.[2]

**C.    The Court reserved ruling on the applicability of RCW 48.32.030 to the Reliance Insurance Company policy**

In their Response, plaintiffs argue that the Court should not consider defendant GAI's

---

[1] Defendant's motion to strike consists of one sentence in its reply.  See Reply at 1.

[2] Granting the motion to strike would not change the outcome of this Order, however, since defendant GAI has presented no evidence, other than the GGL policy itself, that plaintiffs' claims would be covered under the policy.  See infra, § II.D at 8.

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW         -3-

motion for JMOL because it did not file a pre-verdict Rule 50(a) motion regarding the applicability of RCW 48.32.030 to the policy with Reliance Insurance Company.  The Court, however, expressly reserved this issue for post-trial motions in its "Order Granting in Part Plaintiffs' Motion in Limine Regarding Insolvent Insurers."  See Dkt. #395 (stating "[P]laintiffs' motion in limine regarding the availability of insurance, the status of defendants' insurer, and the applicability of RCW 48.32.030 is GRANTED without prejudice to defendants' ability to file a post-trial motion on the last issue.").  See Repola v. Mobark Indus., Inc., 934 F.2d 483, 489 (3d Cir. 1991) (concluding that when a court expressly reserves an issue in a motion in limine, the filing a Rule 50(a) motion is not a necessary prerequisite to the court's consideration of a Rule 50(b) motion for JMOL).  Therefore, defendant GAI's motion is properly before the Court for consideration.

**D.     The Reliance Insurance Company policy and applicability of RCW 48.32.030**

The Washington Insurance Guaranty Association Act ("WIGAA") provides that a subrogation claim may not be asserted in a legal action against the insured of an insolvent insurer.  See RCW 48.32.030(4)(a) ("[I]n no event may any such [subrogation] claim be asserted in any legal action against the insured of such insolvent insurer.").   In order for this prohibition of subrogation actions to apply, however, the claim asserted must meet the WIGAA's definition of "covered claim," but for the fact that it was asserted as a subrogation claim.  Under RCW 48.32.030(4) "covered claim" means:

> an unpaid claim, including one for unearned premiums, that arises out of and is within the coverage of an insurance policy to which this chapter applies issued by an insurer, if such insurer becomes an insolvent insurer after the first day of April, 1971 and (i) the claimant or insured is a resident of this state at the time of the insured event; or (ii) the property from which the claim arises is permanently located in this state.

Therefore, in order to bar plaintiffs' subrogation claim defendant GAI has to show that: (a) the claim is within the coverage of the Reliance Insurance Company GGL policy; and (b) Reliance Insurance Company is an "insolvent insurer," which means an insurer authorized to transact insurance in the State of Washington and determined to be insolvent and ordered

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW          -4-

liquidated by a court.[3] See RCW 48.32.030(5) (defining "insolvent insurer").

Plaintiffs have shown that Reliance Insurance Company is an insolvent insurer. See Dkt. #452 (Declaration of Dayna Carney) (testifying that Reliance Insurance Company was an admitted insurance company with authority to transact insurance in Washington and attaching the Commonwealth Court of Pennsylvania's Order regarding insolvency and liquidation). The only remaining question requires determining whether plaintiffs' claims are "within the coverage" of Reliance Insurance Company's CGL policy.

The interpretation of the policy is a question of law for the court. See Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 797 (1994) ("The interpretation of insurance policies is a question of law"); Schwindt v. Commonwealth Ins. Co., 140 Wn.2d 348, 361 (2000) (holding that determining whether alleged damages are covered under an insurance policy is a matter of interpreting the policy and does not depend on the allegations or lack thereof in a complaint). Insurance policy exclusions "should be strictly construed against the drafter" but "a strict application should not trump the plain, clear language of an exclusion." Quadrant Corp. v. Amer. States Ins. Co., 154 Wn.2d 165, 172 (2005).

Plaintiffs argue their claims are not barred by RCW 48.32.030(4) because they are not "within the coverage of an insurance policy" due to a professional service exclusion in the Reliance Insurance Company policy, which states:

> This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the rendering of or failure to render any professional services by **you** or any engineer, architect or surveyor who is either employed by **you** or performing work on **your** behalf in such capacity.
> Professional services include:
>   1. The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
>   2. Supervisory, inspection, architectural or engineering activities.

---

[3] There has been no dispute in this case that "(i) the claimant or insured is a resident of this state at the time of the insured event; or (ii) the property from which the claim arises is permanently located in this state." RCW 48.32.030(4).

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW          -5-

Dkt. #452 at Exhibit A (Reliance Insurance Company CGL policy) (emphasis in original); <u>see</u> Response at 4-7. In reply, defendant GAI claims the professional service exclusion cannot apply to plaintiffs' indemnity claims because they were submitted to the jury on an instruction of "ordinary care" not a professional negligence instruction, and the jury instructions control as the "law of the case." <u>See</u> Reply at 5. When reviewing a post-verdict motion for judgment as a matter of law, however, jury instructions are not the law of the case. <u>See</u> <u>Springfield v. Kibbe</u>, 480 U.S. 257, 264 (holding unobjected to jury instructions are not the law of the case for purposes of a motion for JNOV). Therefore, the issue of whether the policy exclusion applies is not whether GAI breached an ordinary or professional standard of care, but rather whether GAI's activities that are the subject of plaintiffs' claims are a professional service. On its face, the Reliance Insurance Company policy excludes coverage based on "professional services."

The Ninth Circuit, interpreting Washington law, adopted the definition from <u>Marx v. Hartford Accident & Indem. Co.</u>, 183 Neb. 12, 14 (1968) to interpret the meaning of professional service in an insurance policy:

> A "professional" act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. In determining whether a particular act is of a professional nature or a "professional service" we must look not to the title or character of the party performing the act, but to the act itself.

<u>Bank of California, N.A. v. Opie</u>, 663 F.2d 977, 981 (9th Cir. 1981).

Plaintiffs' claims for breach of contract and indemnity relate to defendant GAI's archaeological monitoring services. <u>See</u> Dkt. #98 (Second Amended Complaint); Dkt. #447 (Jury Instructions). Under the activities listed as professional services in the Reliance Insurance Company policy and the common-law definition of professional service cited by the Ninth Circuit, defendant GAI's archeological monitoring activities are excluded from the policy's coverage

First, the policy expressly excludes "supervisory" and "inspection" activities as

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW        -6-

professional services.  See Dkt. #452 at Exhibit A.  The act of "archeological monitoring" is at the heart of all of plaintiffs claims.  See Dkt. #98; #447; #480 at 44 (Professional Services Agreement, Attachment A) (stating that site construction was "to be monitored by a professional archeologist").  To "monitor" means:  to "supervise."  9 The Oxford English Dictionary 1002 (2d ed. 1989) ("monitor . . . in more general use:  to observe, supervise, or keep under review").  Therefore, by definition, plaintiffs' claims based on defendant GAI's failure to monitor are excluded as a "supervisory" activity under the policy.

Second, the activities that are listed in the policy as a "professional service" were expressly included as part of the scope of services between the City of Blaine and defendant GAI.  For example, the scope of services included the preparation of "specifications for monitoring of construction activities."  See Dkt. #480 at 43 (emphasis added).  The insurance policy excludes "[t]he preparing, approving, or failing to prepare or approve . . . specifications."  Dkt. #452 at Exhibit A (emphasis added).  Defendants cannot argue now that the exact activities they agreed to provide the City of Blaine under their professional services agreement are covered by the Reliance Insurance Company policy that expressly excludes these services.

Third, the act of archeological monitoring fits within the Ninth Circuit's definition of "professional service" as arising out of an occupation "involving specialized knowledge" and predominantly "mental or intellectual" labor or skill.  See Bank of California, 663 F.2d at 981.

Defendant GAI argues in reply that the professional service exclusion only applies to engineers, architects, and surveyors, and because Dr. Tucker was an archeologist for GAI, his actions are not excluded from coverage.  See Reply at 3.  This argument, however, ignores the express language of the policy, which states:  "This insurance does not apply to . . . the rendering of or failure to render any professional services by you or any engineer, architect or surveyor[.]"  Dkt. #452 at Exhibit A (emphasis added).  The "you" in this sentence refers to the insured, Golder Associates, Inc.  See id.  As discussed above, the archeological monitoring activity in this case is a professional activity, and was performed by GAI, so the insurance does

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW          -7-

not apply under the policy's exclusion.

Finally, the standard for granting judgment as a matter of law "mirrors" the summary judgment standard of Fed. R. Civ. P. 56. See Reeves, 530 U.S. at 150 (2000) (stating "the inquiry under each is the same") (citation omitted). Under the summary judgment standard, the court can rule as a matter of law if there are no genuine issues of material fact. See Fed. R. Civ. P. 56(c). Here, there is no issue of fact because there is no evidence that the Reliance Insurance Company policy in fact covered the claims asserted by the Lummi Nation, Larry Freedman, or by L. Freedman & Sons Construction, Inc. against the City of Blaine. To the contrary, the evidence shows Reliance Insurance Company refused to defend or provide coverage for the claims against the City under the policy's professional service exclusion. See Dkt. #32 at Ex. 1. Furthermore, as plaintiffs point out in their Response, there is no evidence that defendant GAI commenced a declaratory action against Reliance Insurance Coverage or otherwise took formal action to establish coverage. See Reply at 7.

For all reasons stated above, defendant GAI's motion for judgment as a matter of law seeking to bar plaintiffs' subrogation indemnify claim under RCW 48.32.030 is denied.

**E.     The indemnity provision**

Defendant GAI claims it is entitled to judgment as a matter of law because there was no evidence at trial of "property damage," which it argues is necessary to trigger plaintiffs' right to indemnity under the professional services agreement between the City of Blaine and GAI. See Motion at 8.

Indemnity clauses are interpreted like any other contracts. See Jones v. Strom Constr. Co., 84 Wn.2d 518, 520 (1974). The touchstone of the interpretation of contracts is the intent of the parties. See Berg v. Hudesman, 115 Wn.2d 657, 663 (1990). The intent of the parties may be discovered from the language of the agreement. See Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc., 120 Wn.2d 573, 580 (1993) ("In Washington, the intent of the parties to a particular agreement may be discovered . . . from the actual language of the agreement.").

Contract interpretation is a question of law when "the interpretation does not depend on the use of extrinsic evidence." Tanner Elec. Coop. v. Puget Sound Power & Light, 128 Wn.2d 656, 674 (1996). Indemnity clauses "are to be viewed realistically, recognizing the intent of the parties to allocate as between them the cost or expense of the risk of losses or damages arising out of performance of the contract." Dirk v. Amerco Mktg. Co. of Spokane, 88 Wn.2d 607, 613 (1977).

The indemnity provision in the Professional Services Agreement between defendant GAI and the City of Blaine states:

> Golder agrees to defend, indemnity and save harmless the City, its appointed and elected officers and employees, from and against any and all liability, loss, costs, damage and expense, including costs and attorney fees in defense thereof because of actions, claims or lawsuits for damages alleged to have been sustained by any person or persons and on account of damage to property, arising out of the performance of this Agreement to the extent due to the negligence of Golder, its subcontractors, agents, successors or assigns. This provision shall be inapplicable to the extent the City is judicially found solely negligent for such damage or injury.

See Dkt. #480 at 40, ¶6 (admitted trial exhibit #53). Reviewing the indemnity provision in its entirety shows that GAI indemnified the City of Blaine for two types of damages: (1) those "sustained by any persons or persons"; and (2) "damage to property." This reading of the contract is supported by the last sentence of the indemnity provision, which reinforces the two categories as being "damage" or "injury" to persons or persons. A review of the entire agreement, including the Scope of Services (Attachment A) further supports this interpretation. The work outlined in the Scope of Services, the preparation of the treatment plan in Phase II and "consultation with affected parties" for example, did not involve property, but could nevertheless cause damage to persons or persons if not completed properly. Therefore, defendants' interpretation of the indemnity clause as covering only damages that involve "damage to property" is unrealistic.[4]

---

[4] Notably, defendant's argument that the indemnity clause required proof of "damage to property" is absent from "Jury Instruction No. 16: Indemnity," and was not included in defendants'

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW      -9-

1   Plaintiffs presented substantial evidence at trial of damage to "persons or persons" in the
2   form of injury to the Lummi Nation and Freeman sufficient for a reasonable jury to have found
3   that plaintiffs were entitled to payment under the indemnity clause. See Johnson v. Paradise
4   Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001) ("A jury's verdict must be
5   upheld if it is supported by substantial evidence."). As a result, defendant's motion for JMOL
6   is denied on this issue.

**F.  Breach of contract claim and evidence of causation**

Defendant GAI seeks entry of judgment as a matter of law on plaintiffs' breach of contract claim because defendant claims at trial there was no evidence to support the jury's finding that $91,025.00 of damages was caused by GAI's breach of the professional services agreement. The Court, however, is convinced there was substantial evidence to support the jury's finding. See, e.g., Reeves, 530 U.S. at 149-51 (2000). Plaintiffs presented testimony from Tim Ballew and Larry Priest that the Lummi Nation would have permitted the wastewater treatment project to go forward in some way if it had not been for the actions of GAI. Plaintiffs were seeking $34,936,996.88 in breach of contract damages. See Dkt. #412 (Plaintiffs' Amended Proposed Pretrial Order). The jury awarded plaintiffs $91,025.00 for breach of contract damages. There was sufficient evidence to support $91,025.00 in damages caused by GAI's breach of contract. Accordingly, defendant GAI's motion for judgment as a matter of law on the breach of contract claim is denied.

---

proposed jury instructions. See Dkt. #391 (Defendants' Proposed Jury Instructions); #447 (Court's Instructions to the Jury). Although failure to object to an instruction does not render the instruction the "law of the case" for purposes of a JNOV, had defendants truly believed the indemnity provision required proof of "damage to property" they could have requested an instruction on this issue. See Kibbe, 480 U.S. at 264.

ORDER DENYING DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW           -10-

### III. CONCLUSION

For all of the foregoing reasons, "Golder Associates, Inc.'s Motion for Judgment as a Matter of Law" (Dkt. #451) is DENIED.

DATED this 10th day of October, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge