UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
THE CITY OF BLAINE, *et al.*,           )   No. C03-0813L
                                        )
                   Plaintiffs,          )
         v.                             )   ORDER DENYING PLAINTIFFS'
                                        )   MOTION FOR JUDGMENT
GOLDER ASSOCIATES, INC., *et al.*,      )   NOTWITHSTANDING THE VERDICT
                                        )   OR FOR A NEW TRIAL
                   Defendants.          )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Judgment Notwithstanding the Verdict, or for a New Trial" (Dkt. #455). Plaintiffs assert that they presented uncontested evidence to the jury of payments made by St. Paul Guardian Insurance Company ("St. Paul") in the amount of $1,619,352.92. See Motion at 2. The jury found the amount of payments made by St. Paul was $1,500,000.00. See Dkt. #449 (Jury Verdict at Question No. 6). Plaintiffs claim the jury made a "mistake" determining the damages awarded to defendant St. Paul because of the $119,352.92 difference between these amounts. Therefore, plaintiffs argue, the Court should amend the damages verdict and enter judgment as a matter of law under Fed. R. Civ. P. 50(b), or in the alternative, grant plaintiffs a new damages trial under Fed. R. Civ. P. 59. Defendants in opposition argue that amending the jury's finding on damages would violate defendants' rights under the Seventh Amendment of the United States Constitution and that a new trial is not

ORDER DENYING PLAINTIFFS'
MOTION FOR JNOV OR A NEW TRIAL

warranted because the amount of damages was contested and the verdict was not contrary to the weight of the evidence.

For the reasons set forth below, the Court denies plaintiffs' motion.

## II.  DISCUSSION

**A.   Plaintiffs' Motion for Judgment Notwithstanding the Verdict**[1]

A motion for "judgment notwithstanding the verdict" ("JNOV") is technically a "motion for judgment as a matter of law" ("JMOL") filed after the jury's verdict pursuant to Federal Rule of Civil Procedure 50(b). See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1027 n.2 (9th Cir. 2003); Fed. R. Civ. P. 50(b). Filing a JMOL before submission of the case to the jury under Rule 50(a) is a procedural prerequisite to filing a Rule 50(b) post-verdict JMOL. See Janes v. Wal-Mart Stores, Inc., 279 F.3d 883, 886-87 (9th Cir. 2002) ("By not [moving for JMOL before submission of the case to the jury], Wal-Mart failed to comply with the procedural prerequisite for renewing its motion for JMOL after trial."). The Ninth Circuit construes this requirement strictly. See Farley Transp. Co., Inc. v. Santa Fe Trail Transp. Co., 786 F.2d 1342, 1346 (9th Cir. 1985) ("[T]he requirement that the [Rule 50(a)] motion be made at the close of all the evidence is to be strictly observed.").

Here, plaintiffs did not move for JMOL before the submission of the case to the jury as required by Rule 50(b). On this basis, the Court denies plaintiffs' motion for judgment notwithstanding the verdict. See Williams v. Fenix & Scisson, Inc., 608 F.2d 1205, 1207 (9th Cir. 1979) (holding that failure to move for a directed verdict nullifies a motion for judgment

---

[1] Plaintiffs' motion for JNOV or a new trial is technically premature because final judgment has not been entered. See O. Hommel Co. v. Ferro Corp., 659 F.2d 340, 353 (3d Cir. 1981) (holding that "judgment" in Rules 50 and 59 means "final judgment"). However, for the sake of judicial economy, the court will review the motion at this time. See, e.g., United States v. Morganti, Inc., 163 F. Supp.2d 174, 178 n.3 (E.D.N.Y. 2001).

ORDER DENYING PLAINTIFFS'
MOTION FOR JNOV OR A NEW TRIAL        -2-

notwithstanding the verdict). The fact that it would have been impossible to file a Rule 50(a) JMOL concerning the jury's verdict <u>before</u> the case was even submitted to the jury highlights that plaintiffs' Rule 50(b) motion for JMOL is not the appropriate procedural vehicle through which to seek the Court's "amendment" of the jury verdict. In this case, a motion for a new trial under Rule 59 is the proper way for the Court to review the jury's verdict. <u>See</u> <u>Freund v. Nycomed Amersham</u>, 347 F.3d 752, 765 (9th Cir. 2003) ("Unlike a motion for judgment as a matter of law, a motion for a new trial does not have to be preceded by a Rule 50(a) motion prior to submission of the case to the jury."). In addition to their motion for JMOL, plaintiffs moved for a new trial under Rule 59 as an alternative form of relief, which is discussed below.

**B.     Plaintiffs' Motion for a New Trial**

Plaintiffs' motion for a new trial is based on the allegation that the jury made a "mistake" when calculating the damages to be awarded St. Paul. <u>See</u> Dkt. #455 at 4. In reviewing a jury award, "[t]he relevant inquiry is whether the evidence, construed in the light most favorable to the non-moving party permits only one reasonable conclusion, and that conclusion is contrary to the jury verdict[.]" <u>Polar Bear Prods., Inc. v. Timex Corp.</u>, 384 F.3d 700, 708 (9th Cir. 2004). In this case, while plaintiffs contend the jury's finding to Question No. 6 of the verdict form was a mistake, there are other reasonable conclusions for the jury's finding.

First, the jury could have determined that some portion of the $1,619,352.92 paid by St. Paul was not causally related to defendant GAI's negligence. On May 31, 2006, the Court instructed the jury. <u>See</u> Dkt. #447. The jury instructions included instruction number 23 "Damages – Indemnity Claim" which stated, in part: "Under the indemnity provision, the <u>plaintiff insurers are entitled to recover only those costs and expenses that were proximately caused</u> by Golder's negligence." <u>See</u> Dkt. #447 at 28 (emphasis added). In its finding to Question No. 6, the jury reasonably could have reduced the award by $119,352.92 based on a finding that not all of the payments made by St. Paul were causally related to GAI's negligence.

ORDER DENYING PLAINTIFFS'
MOTION FOR JNOV OR A NEW TRIAL          -3-

Second, the jury could have considered defendants' mitigation defense. In this case the jury was instructed on plaintiffs' duty to mitigate their damages. See Dkt. #446 at 29. A reasonable conclusion for the jury's award of $1.5 million is that they reduced some portion of plaintiffs' alleged damages based on a failure to mitigate.

Third, the jury reasonably could have discounted $119,352.92 based on the testimony of Bradley York and trial exhibits 652-56 and 669. Jury instruction number 21 regarding damages stated, in part: "Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved." Although plaintiffs argue in their motion that the evidence of payments by St. Paul was "undisputed," the jury could reasonably have determined that some portion of the $1,619,352.92 had not been proven. "[T]he jury is not required to accept testimony as true, even if it is uncontradicted." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 183 (Fed Cir. 1994). Viewing the evidence in the light most favorable to defendants, there are reasonable conclusions other than that the jury's answer to Question No. 6 on the verdict form was a mistake. Therefore, plaintiffs' motion for a new trial is denied.

Finally, as an alternative to a new trial, plaintiffs also request that the Court "reform" the jury's award by an additional $119,352.92 See Dkt. #455 at 2. This is not a case where the jury's verdict is internally inconsistent, or where defendant is seeking a reduction of the verdict, but rather one where the plaintiffs want the Court to increase the verdict because of an alleged mistake. See 12 James Wm. Moore et al., Moore's Federal Practice § 59.06 (3d ed. 2006). ("When a judge is called on to modify a jury's verdict, the judge's power to do so is generally limited to modifications due to an internal inconsistency in the jury's verdict, or to the reduction of a verdict that is excessive as a matter of law."). Increasing the award on this basis, although not additur, would run afoul of the Seventh Amendment because "no jury has ever passed on the increased amount." Dimick v. Schiedt, 293 U.S. 474, 485 (1935); see also DePinto v. Provident

ORDER DENYING PLAINTIFFS'
MOTION FOR JNOV OR A NEW TRIAL        -4-

Security Life Ins. Co., 323 F.2d 826, 838 (9th Cir. 1963) ("[T]he reasoning which forbids additur just as clearly forbids an unconditional award of damages in excess of a jury verdict in an amount which, although agreeable to plaintiff, is not consented to by defendant."). Accordingly, the Court will not supercede the jury's findings by reforming the verdict.

### III.  CONCLUSION

For all of the foregoing reasons, "Plaintiffs' Motion for Judgment Notwithstanding the Verdict, or for a New Trial" (Dkt. #455) is DENIED.

DATED this 10th day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR JNOV OR A NEW TRIAL            -5-