UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
THE CITY OF BLAINE, *et al.*,             )   No. C03-0813L
                                          )
                        Plaintiffs,       )
          v.                              )   ORDER AWARDING ATTORNEY'S
                                          )   FEES AND COSTS
GOLDER ASSOCIATES, INC., *et al.*,        )
                                          )
                        Defendants.       )
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Attorneys' Fees" (Dkt. #457).  Plaintiffs assert a claim for fees and costs in the amount of $1,320,394.73 under RCW 4.84.330 and contractual fee-shifting provisions.  Id. at 8-9.  Defendants oppose this claim in its entirety on two grounds:  (1) plaintiffs were not the substantially prevailing party under the contractual fee-shifting provision; and (2) the contract's indemnity clause did not expressly allow for recovery of attorney's fees incurred in establishing the right to indemnification.  Although defendants do not contest the reasonableness of the hourly rates charged by the plaintiffs' lawyers and legal support staff, defendants do contest the reasonableness of the 6,504.1 hours given the theories and parties that have been dismissed in this litigation and the results at trial.  The Court held a hearing on the motion on October 16, 2006 and heard oral argument from counsel for plaintiffs and defendants.

ORDER AWARDING
ATTORNEY'S FEES AND COSTS

For the reasons set forth below, plaintiffs' motion for attorney's fees is granted in part.[1]

## II. DISCUSSION

### A. Background

When this action was removed to federal court on April 8, 2003, plaintiffs asserted claims against five defendants based on seven causes of action: (1) breach of contract; (2) statutory trespass; (3) common-law trespass; (4) civil RICO; (5) indemnity; (6) negligence; and (7) negligent supervision. See Dkt. #1. Plaintiffs also included an alter ego theory of relief in the causes of action for indemnity and breach of contract. See, e.g., Dkt. #98 at ¶¶ 4.1.4, 4.1.5, 4.4.3, 4.4.4.

Ultimately, the liability and damages phase of the trial went to the jury on two causes of action, breach of contract and indemnity, against a single defendant Golder Associates, Inc. ("GAI").[2] The jury awarded plaintiffs $91,025 for their breach of contract claim, and $1,040,000 for their indemnity after a reduction of 35% for comparative fault. See Dkt. #449 (Verdict Form). Before trial, plaintiffs were seeking $34,936,996.88 for breach of contract damages and over $1.7 million on their indemnity claim. See Dkt. #412; #455 at 2. On plaintiffs' indemnity claim, the issue of damages was largely uncontested. See Dkt. #455 at 4-5.

### B. Analysis

In this case, the Court has jurisdiction based on the parties' diversity of citizenship. In a diversity action, a motion for attorney's fees and costs is reviewed under the governing state law. See Michael-Regan Co., Inc. v. Lindell, 527 F.2d 653, 656 (9th Cir. 1975) ("Federal courts

---

[1] Although plaintiffs' motion for attorney's fees and costs is technically premature since final judgment has not been entered, the Court considers it at this time in the interest of judicial economy. See RCW 4.84.330 (requiring a "final judgment").

[2] Phase II of the trial, which has not yet occurred, involves the alter ego remedy theory against defendants Golder Associates Corporation, Enterra Holdings, Ltd. and GAI.

ORDER AWARDING
ATTORNEY'S FEES AND COSTS            -2-

are required to apply state law in diversity action with respect to the allowance or disallowance of attorney fees."). This case is governed by Washington law. See Dkt. #480 at 41, ¶G (Applicable Law).

In Washington, the "lodestar" method is the starting point for fee calculations. The lodestar fee is determined by multiplying the hours reasonably expended in the litigation by each lawyer's reasonable hourly rate of compensation. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983). The burden of demonstrating that a fee is reasonable is on the fee applicant, who must provide documentation sufficient to "inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (*i.e.*, senior partner, associate, etc.)." Bowers, 100 Wn.2d at 597; see also Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 151 (1993).

In evaluating the reasonableness of a fee award, the Court may consider the relationship between the amount in dispute and the fee requested and the hourly rate of opposing counsel. Fetzer, 122 Wn.2d at 150; Boeing Co. v. Sierracin Corp., 108 Wn.2d 38, 66 (1987). The court should also "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." Bowers, 100 Wn.2d at 597. Although the reasonableness of a request depends on the circumstances of each individual case,

> [t]he determination of a fee award should not become an unduly burdensome proceeding for the court or for the parties. An explicit hour-by-hour analysis of each lawyer's time sheets is unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded. An award of substantially less than the amount requested should indicate at least approximately how the court arrived at the final numbers and explain why discounts were applied.

Absher Constr. Co. v. Kent Sch. Dist., 79 Wn. App. 841, 848 (1995) (internal citation and quotation marks omitted); see also Schmidt v. Cornerstone Invs., Inc., 115 Wn.2d 148, 169 (1990) ("Whether attorney fees are reasonable is a question of fact to be answered in light of the particular circumstances of each individual case, and in fixing fees the trial court is given broad discretion.").

ORDER AWARDING
ATTORNEY'S FEES AND COSTS            -3-

### 1. Right to fees and costs under the contract

As a threshold matter, defendants argue in their response that plaintiffs' motion for fees should be denied in its entirety for two reasons: (1) plaintiffs were not the "substantially prevailing party" as required in the contract fee-shifting provision; and (2) the contract's indemnity provision did not expressly allow for the recovery of attorney's fees incurred in establishing the right to indemnification. These arguments are addressed, in turn, below.

#### A. Substantially prevailing party provision

The professional service agreement between plaintiff City of Blaine and defendant GAI contains the following attorney's fees provision: "Attorney Fees. The substantially prevailing party in any litigation arising hereunder shall be entitled to its reasonable attorney's fees and court costs, including appeals, if any." See Dkt. #480 at 41, ¶H (admitted trial exhibit #53). This provision is construed under Washington law. See Michael-Regan Co., 527 F.2d at 656. Revised Code of Washington § 4.84.330 states, in part:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . . As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

Although RCW 4.84.330 refers to the "prevailing party," under the contract in this case, fees are to be awarded to the "substantially prevailing party," and defendants argue that plaintiffs are not the "substantially prevailing party." See Response at 4-6.

In Washington, determining the "substantially prevailing party . . . depends upon the extent of relief afforded the parties." Riss v. Angel, 131 Wn.2d 612, 633 (1997). Here, plaintiffs obtained a jury verdict for over $1,000,000 in net damages on all of the claims presented to the jury. See Dkt. #449. In contrast, all of defendants' counterclaims were dismissed before trial and they obtained no monetary relief. See Dkt. #129 (Counterclaims);

Dkt. #221 (Order Granting Motion to Dismiss Counterclaims). Based on the "extent of relief" standard, plaintiffs are the "substantially prevailing party" under the contract and entitled to recover reasonable attorney's fees and costs.

It is true that defendants successfully defended five causes of action. See Dkt.#25 (Order dismissing civil RICO claim); Dkt. #144 (Order dismissing plaintiffs' negligence claims); Dkt. #260 (Order dismissing plaintiffs' trespass claims). However, the "proportionality approach" defendants advocate to determine the substantially prevailing party is not appropriate here for three reasons. See Response at 6 (citing Marassi v. Lau, 71 Wn. App. 912, 916 (1993)); Reply at 3. First, this is not a case where "the contract breaches at issue consist of several distinct and severable claims." See Marassi v. Lau, 71 Wn. App. at 917. The five causes of action that were dismissed arose under the same set of facts as the two causes of action that went to trial. See Dkt. #2 (First Amended Complaint); Dkt. #98 (Second Amended Complaint). Second, had the parties intended to apply the proportionality approach from Marassi v. Lau, 71 Wn. App. 912 (1993) to determine the prevailing party for purposes of an attorney's fee award, they could have incorporated it into their 1998 agreement. But, they did not. Instead, the parties expressly included a "substantially prevailing party" standard, the meaning of which is defined by the Washington Supreme Court in Riss v. Angel, 131 Wn.2d 612, 633 (1997). Finally, in their response, defendants did not provide a declaration with the fees they incurred in defending the dismissed causes of action which would be necessary for the Court to apply the "proportionality approach." For these reasons, the Court declines to apply a proportionality approach in this case. Plaintiffs are entitled to an award of attorney's fees and costs as the "substantially prevailing party" based on the extent of relief they obtained at trial.

### B. Indemnity provision

Defendants also allege that plaintiffs are not entitled to attorney's fees on their indemnity claim because the indemnity provision does not expressly contain a provision allowing for the

ORDER AWARDING
ATTORNEY'S FEES AND COSTS           -5-

recovery of attorney's fees incurred in establishing the right to indemnification. See Response at 6. The indemnity provision states, in relevant part:

> Golder agrees to defend, indemnify and save harmless the City, its appointed and elected officers and employees, from and against any and all liability, loss, costs, damage and expense, including costs and attorney fees in defense thereof because of actions, claims or lawsuits for damages alleged to have been sustained by any person or persons and account of damage to property, arising out of the performance of this Agreement to the extent due to the negligence of Golder, its subcontractors, agents, successors or assigns. This provision shall not be inapplicable to the extent the City is judicially found solely negligent for such damage or injury.

See Dkt. #480 at 40, ¶6 (admitted trial exhibit #53).

Defendants, citing a phrase from Tri-M Erectors, Inc. v. Donald M. Drake Co., 27 Wn. App. 529, 538 (1980), argue that "an indemnitee may not recover legal fees incurred in establishing his right to indemnification." Defendants, however, fail to provide the full language of this quote, which states: "We hold, therefore, that, in the absence of express contractual terms to the contrary, an indemnitee may not recover legal fees incurred in establishing his right to indemnification." Tri-M Erectors, Inc., 27 Wn. App. at 538 (citing Jones v. Strom Constr. Co., 84 Wn.2d 518, 523 (1974) (emphasis added).

In this case, there is express language allowing for the recovery of fees incurred in establishing the right to indemnity. The contract provides for the recovery of fees "in any litigation arising hereunder [the Agreement]." See Dkt. #480 at 41, ¶H. The right to indemnity arises out of defendant GAI's and the City of Blaine's contract for professional services. See Dkt. #447 (Jury Instructions Nos. 11 and 16). Therefore, plaintiffs are entitled to fees on their indemnity claim.

Having determined that plaintiffs are entitled to fees under the contract, the Court must next determine both the reasonableness of plaintiffs' hourly rates and the hours expended.

**2. Reasonableness of hourly rates**

A lodestar analysis requires that the court determine the reasonableness of the hourly fee requested. See Bowers, 100 Wn.2d at 597. Plaintiffs have asserted a total claim for fees and

ORDER AWARDING
ATTORNEY'S FEES AND COSTS              -6-

costs in the amount of $1,320,394.73.  See Motion at 8-9.  This figure is composed of 4 parts: (1) "market rate" fees for Northcraft, Bigby & Biggs, P.C. ("Northcraft") of $1,027,576.50; (2) "market rate" fees for Chmelik Sitkin & Davis, P.S. of $109,208.00 ("Chemlik"); (3) costs incurred by Northcraft of $175,820.05; and (4) costs incurred by Chmelik of $7,790.18  Id.

In their motion, plaintiffs argue that they are entitled to recover "market rates" in excess of the rates billed by their counsel.  See Motion at 6-9.  During litigation, Northcraft billed its partners at a rate $140 and $145 per hour and Chmelik's rates were between $150 and $180 per hour.  See id. at 7-8.  Plaintiffs seek an award based on "market rates" of between $150 - $200 for Northcraft attorneys and between $150 - $245 for Chmelick attorneys.  See id. at 8-9.

In this case, however, an attorney fee enhancement based on "market rates" is not appropriate because this is a dispute between private parties not impacting a right concerning the public interest.[3]  See Fisher Properties, Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 378 (1990) (holding that "[w]e will not extend fee enhancement beyond civil rights litigation" and stating "[l]itigation between private parties, seeking to enforce no important right affecting the public interest, is not the appropriate forum for attorney fee enhancement").[4]  Defendants have not contested the reasonableness of plaintiffs' hourly rates and an established billing rate is generally deemed to be reasonable.  See Bowers, 100 Wn.2d at 597 ("Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate.").  The Court finds that the rates plaintiffs actually billed their clients is reasonable.  Therefore,  the

---

[3] Although plaintiff City of Blaine is technically not a "private party," it is in the position of a private party in the context of this litigation and for purposes of an attorney fee enhancement review.

[4] The published cases plaintiffs cite to support an enhanced fee award involve civil rights litigation or the public interest context.  See Motion at 6-7; Blum v. Stemson, 465 U.S. 886 (1984) (arising under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988); Depart. of Labor & Indus. v. Overnite Transp. Co., 67 Wn. App. 24 (1992) (arising under RCW chapters 42.52; 46.09; 48.03 and citing Blum, 465 U.S. at 886); Martinez v. City of Tacoma, 81 Wn. App. 228 (1996) (arising under RCW 49.60).

ORDER AWARDING
ATTORNEY'S FEES AND COSTS            -7-

only remaining inquiry is the number of hours plaintiffs' counsel reasonably expended in the litigation. See Bowers, 100 Wn.2d at 597.

### 3. Number of hours reasonably expended

Northcraft billed and has been paid $788,812 in fees based on 5,993.7 hours at the billed hourly rate. See Motion at 8. Chemlik billed and has been paid $82,661.50 in fees based on 510.4 hours at the billed hourly rate. Id. Under the lodestar analysis, the court should "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." Bowers, 100 Wn.2d at 597. Here, given the number of dismissed causes of action and parties, unsuccessful theories and motions, duplicated effort, and the amount of the jury award versus the amount claimed, discounting hours is appropriate. The parties themselves concede that discounting is appropriate. See Reply at 6; Response at 7-8 ("[H]ours should be discounted related to briefing on the causes of action that were dismissed."). As a result, the Court finds the hours and amounts spent on the following tasks should be discounted from the billed amounts claimed and in plaintiffs' motion.

(1) April 2004 motions to compel.

Both plaintiffs and defendants agree that the $1,918.17 in fees awarded to plaintiff on their motions to compel should be removed from plaintiffs' fee submission. See Dkt. #43, #47, #51 and #79; Response at 9; Reply at 6 ("Therefore, that time should not be considered."). Accordingly, the Court discounts **$1,918.17** from the fee award calculation for fees already paid by defendant. See Dkt. #79; Dkt. #458 at 213.

(2) Dismissed claims and defendants.

Before trial, five out of seven of plaintiffs' causes of action were dismissed. See Dkt. #25 (Order dismissing civil RICO claim); Dkt. #144 (Order dismissing plaintiffs' negligence claims); Dkt. #260 (Order dismissing plaintiffs' trespass claims). Three of the six defendants have been dismissed from this case. See id; Dkt. #264 (dismissing breach of contract claims against

ORDER AWARDING
ATTORNEY'S FEES AND COSTS            -8-

Gordon Tucker, Jane Doe Tucker, and Golder Associates, Ltd.).

In their motion, plaintiffs have not provided the Court with a breakdown of fees by claim and defendant. Plaintiffs have not met their burden to show that their fee application is reasonable because they have not provided sufficient evidence to show how the hours spent litigating unsuccessful claims against ultimately dismissed parties are reasonable in this case, or, what portion of the fees submitted relate to these claims and parties. Under <u>Yousoufian v. Office of Ron Sims</u>, 114 Wn. App. 836, 856 (2004), <u>rev'd on other grounds</u>, 152 Wn.2d 421 (2004), a court may reduce a fee application by a percentage factor for a "variety of other considerations including, the lack of clarity in counsel's presentation to the court." Given the five dismissed causes of action and three dismissed parties, coupled with the lack of clarity in counsel's fee presentation, the Court finds that a discount of 20% of plaintiffs' fees is reasonable in this case. <u>See</u> <u>id.</u> at 856 (reducing plaintiff's fee by 20%). This translates to a reduction of **$174,294.70** (20% of the $871,473.50 fees billed) from plaintiffs' fee application. <u>See</u> Motion at 8.

(3) <u>Unsuccessful motions and theories</u>.

During the course of litigation, plaintiffs filed numerous motions advancing unsuccessful theories. As a representative sample, on September 1, 2004, plaintiffs noticed the deposition of defense counsel Michael Bond. Soon thereafter on October 20, 2004, the Court granted defendants' motion to quash Mr. Bond's deposition. <u>See</u> Dkt. #141. Undeterred by the Court's decision, on October 29, 2004, plaintiffs filed a motion for clarification of the Court's order. <u>See</u> Dkt. #145. The Court denied this motion. <u>See</u> Dkt. #154. Also during the discovery phase, on May 26, 2005 the Court denied plaintiffs' "motion for the taking of depositions" and granted defendants' motion to quash the subpoena to the records custodian of the Register of Professional Archeologists. <u>See</u> Dkt. #278. Plaintiffs also advanced unsuccessful damage theories. <u>See, e.g.</u>, Dkt. #262 (Order Granting Defendants' Motion for Partial Summary

ORDER AWARDING
ATTORNEY'S FEES AND COSTS            -9-

Judgment Regarding Pre-July 1, 1999 Conduct).  Hours were also incurred on unnecessary activities like perpetuating the testimony of Grant Stewart and Anthony Mortillaro in Santa Fe, New Mexico.  <u>See</u> Reply at 2.  These witnesses were available and testified at trial.

Plaintiffs have not met their burden to show how many of the hours billed were spent on unsuccessful motions and theories.  The Court finds a discount factor of 10% on the fees billed is appropriate because of the lack of clarity in plaintiffs' fee application showing the hours expended on these activities.  <u>See</u> <u>Yousoufian</u>, 114 Wn. App. At 856.  This translates to a reduction of **$87,147.35** (10% of the $871,473.50 fees billed) from plaintiffs' fee application.  <u>See</u> Motion at 8.

(4) <u>Fee disproportionate to results</u>.

As discussed above, the Court has discounted hours based on dismissed claims and parties and unsuccessful theories and motions.  In Washington, a fee award may be reduced where it is disproportionate to the results at trial.  <u>See, e.g.</u>, <u>Singleton v. Frost</u>, 108 Wn.2d 723, 731 (1987).  Here, plaintiffs' net award at trial for both the indemnity and breach of contract claims is $1,131,025.  <u>See</u> Dkt. #449 (awarding $91,025 for breach of contract damages and 65% of $1.6 million for indemnity).  The Court finds that plaintiffs' attorney's fees are disproportionate to the results obtained.  First, the amount of fees billed by plaintiffs in this case, $871,473.50, is almost equal to the jury award.  Second, plaintiffs claimed $34,936,996.88 in breach of contract damages before trial, but the jury returned a verdict for only $91,025.  <u>See</u> Dkt. #449; Dkt. #412 (Plaintiffs' Amended Proposed Pretrial Order).  Although the jury awarded nearly all of the $1,617,352.92 allegedly paid by plaintiff St. Paul on the indemnity claim before the application of comparative fault, as plaintiffs concede, these damages were largely undisputed.  <u>See</u> Dkt. #455 at 4-5.  Therefore, the Court finds a 10% discount factor is appropriate in order to balance the fees with the results obtained in this case.  This translates to an additional reduction of **$87,147.35** (10% of the $871,473.50 fees billed) from plaintiffs' fee

ORDER AWARDING
ATTORNEY'S FEES AND COSTS          -10-

application. See Motion at 8.

**4.    Costs**

Plaintiffs also claim a total of $183,610.23 in costs. See Motion at 9. The costs incurred are related to the activities discussed above and the Court finds the same discounting factors should apply. Therefore, a reduction of 40% is applied to reduce the costs incurred for dismissed parties, claims, unsuccessful motions and theories, and disproportionate costs incurred to results obtained. This translates to a reduction in costs of **$73,444.09**.

### III. CONCLUSION

For all of the foregoing reasons, plaintiffs' "Motion for Attorneys' Fees" (Dkt. #457) is GRANTED IN PART. Plaintiffs are awarded attorney's fees in the amount of **$520,965.93** and costs of **$110,166.14** for substantially prevailing against defendants.

DATED this 18th day of October, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge