1
2
3
4
5

6              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE

8  _____
                                          )
9  THE CITY OF BLAINE, *et al.*,          )   No. C03-0813L
                                          )
10                         Plaintiffs,    )   ORDER GRANTING PLAINTIFFS'
                   v.                     )   MOTION FOR VOLUNTARY
11                                        )   DISMISSAL UNDER
   GOLDER ASSOCIATES, INC., *et al.*,     )   FED. R. CIV. P. 41(a)(2)
12                                        )
                           Defendants.    )
13 _____)

14                        **I. INTRODUCTION**

15     This matter comes before the Court on "Plaintiffs' Motion for Dismissal Without

16 Prejudice of the Remaining Claims Against Golder Associates, Ltd., Golder Associates

17 Corporation, and Enterra Holdings, Ltd. Pursuant to FRCP 41(a)(2)" (Dkt. #502). Defendants

18 do not contest dismissal of the alter ego theory, but request dismissal with prejudice and with an

19 award of attorney's fees. For the reasons set forth below, the Court grants plaintiffs' motion for

20 dismissal without prejudice and without terms and conditions.

21                         **II. DISCUSSION**

22   **A. Background**

23     On April 1, 2005, the Court bifurcated trial in this case into two phases: phase I for

24 liability and damages; and phase II for the alter ego theory. See Dkt. #259 at 4 ("[T]he trial on

25 the liability and damages issues arising out of the events at the Semiahmoo site will precede the

26
   ORDER GRANTING PLAINTIFFS'
   MOTION FOR VOLUNTARY DISMISSAL

trial on the issue of alter-ego liability of GAC [Golder Associates Corporation] and Enterra."). The liability and damages phase concluded on June 1, 2006. See Dkt. #449 (Jury Verdict). Thereafter, on October 10, 2006, the Court denied plaintiffs' Fed R. Civ. P. 54(b) motion for entry of judgment because phase II of the trial had not commenced. See Dkt. #493. Given that the case remained open pending the resolution of the alter ego theory, on January 25, 2007, the Court issued an Order to Show Cause "why the Court should not enter final judgment and dismiss the alter ego theory, or, set phase II for trial on the Court's calendar." See Dkt. #498. Plaintiffs filed their motion for dismissal in response to this order to show cause.

**B. Analysis**

In response to the Court's order to show cause, both parties agree that the alter ego theory should be dismissed. See Motion at 1 (moving for dismissal under Fed. R. Civ. P. 41(a)(2) of "all remaining claims that are set to be tried in the phase II of this trial which include the alter ego claims against Golder Associates, Ltd., Golder Associates Corporation, and Enterra Holdings, Ltd."); Response at 1 ("Defendants do not oppose dismissal of the remaining claims, which are claims for 'alter ego' relief against Golder Associates Corporation and Enterra Holdings Ltd., only.").[1]  The only dispute is whether dismissal should be with or without prejudice and whether the Court should impose terms and conditions upon dismissal. See Fed. R. Civ. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").

---

[1] Defendants correctly note that the alter ego theory was not asserted against Golder Associates, Ltd. See, e.g., Dkt. #98 at ¶4.1.4 ("Golder Associates, Inc. and Golder Associates, Ltd. are the alter egos of Golder Associates Corporation and as such, Golder Associates Corporation is jointly and severally liable for the wrongful acts thereof and the wrongful acts of Defendant Tucker."); ¶4.1.5 ("Golder Associates, Inc., Golder Associates, Ltd., and Golder Associates Corporation are the alter egos of Enterra Holdings, Ltd. and as such, Enterra Holdings, Ltd. is jointly and severally liable for the wrongful acts thereof and the wrongful acts of Defendant Tucker."). Accordingly, the Court dismisses the alter ego theory against defendants Golder Associates Corporation and Enterra Holdings, Ltd.

ORDER GRANTING PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL        -2-

**1. Dismissal without prejudice.**

Dismissal under Fed. R. Civ. P. 41(a)(2) is ordinarily without prejudice, as the rule provides:

> (2) By Order of Court.  Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  <u>Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice</u>.

(Emphasis added). The decision to grant a Rule 41 dismissal rests within the discretion of the district court. <u>Sams v. Beech Aircraft Corp.</u>, 625 F.2d 273, 277 (9th Cir. 1980). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." <u>Hamilton v. Firestone Tire & Rubber Co., Inc.</u>, 679 F.2d 143, 145 (9th Cir. 1982). The Ninth Circuit defines "plain legal prejudice" as "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996).

In this case, defendants have not shown they will suffer "plain legal prejudice" upon dismissal. In their response, defendants assert: "the prejudice here is that, given the posture of the case, plaintiffs will no doubt lose. Indeed, further pursuit of this remedy would appear to be frivolous and advanced for no proper purpose." Response at 3-4. The Court cannot now, however, predict the future merit of the alter ego theory in the event of further proceedings. The "plain legal prejudice" standard does not provide for evaluation of the strength or merits of the claim presented to the court for dismissal. Therefore, defendants' assertion that "plaintiffs will no doubt lose" does not justify a dismissal with prejudice.[2]  Accordingly, plaintiffs' alter ego

---

[2] Furthermore, the Court notes that where a plaintiff moves for dismissal without prejudice, the

ORDER GRANTING PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL         -3-

theory is dismissed without prejudice.

### 2. Terms and conditions.

Defendants urge the Court to assess attorney's fees in connection with the voluntary dismissal. See Response at 4-5. A court may attach conditions to a voluntary dismissal in order to protect the defendant. Westlands Water Dist., 100 F.3d at 97. However, "[a]lthough costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several circuit courts have specifically held that payment is not required." Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (holding that the district court's grant of voluntary dismissal of plaintiff's alter ego theory without an award of attorney's fees was not abuse of discretion).

In this case, the Court denies defendants' request for attorney's fees as a term and condition of dismissal. In support of their request for attorney's fees, defendants state: "Plaintiffs' approach to this 'alter ego' issue here has unnecessarily increased the costs of this litigation." See Response at 4. Defendants, however, do not describe for the Court the "approach" that unnecessarily increased costs. As plaintiffs correctly note in their reply, assertion of the alter ego theory was reasonable given the lack of insurance to cover a potentially large award and the alleged interrelatedness of defendants. See Reply at 3. Additionally, in

---

court cannot condition dismissal with prejudice without giving plaintiff an opportunity to withdraw the motion and proceed with the litigation of the claim to be dismissed. See Lau v. Glendora Unified Sch. Dist., 792 F.2d 929, 931 (vacating the district court's judgment and remanding with instructions that the district court issue a new ruling on plaintiff's motion for voluntary dismissal and provide her with a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion or accept dismissal despite the imposition of conditions). In their reply, plaintiffs oppose dismissal with prejudice. See Reply at 1-2. Therefore, even if the Court considered entry of dismissal with prejudice here, plaintiffs would be given the option to proceed with their alter ego theory.

response to plaintiffs' motion, defendants did not show that the attorney's fees incurred are for work that cannot be used in any future litigation over the alter ego theory. See Westlands Water Dist., 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.").

Finally, while defendants assert that they should be awarded attorney's fees under the prevailing party provision in the professional service agreement, as plaintiffs correctly note in reply, the party-defendant to the professional service agreement is Golder Associates, Inc. See Reply at 3; Dkt. #480 (Professional Service Agreement). The alter ego theory, however, is not directed at Golder Associates, Inc., but rather against Golder Associates Corporation and Enterra Holdings, Ltd. Accordingly, defendants are not entitled to attorney's fees here under the contract. See, e.g., Dkt. #98 at 4.1.4, 4.1.5.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion (Dkt. #502) for dismissal under Fed. R. Civ. P. 41(a)(2) without prejudice and without terms and conditions.

DATED this 16th day of March, 2007.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL        -5-