UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CITY OF BLAINE, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> GOLDER ASSOCIATES, INC., *et al.*, <br><br> Defendants. | No. C03-0813L <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 58 |

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Entry of Judgment Pursuant to FRCP 58" (Dkt. #503). Plaintiffs seek entry of judgment against defendant Golder Associates, Inc. on the breach of contract and indemnity claims tried to the jury and on the Court's order awarding attorney's fees and costs. See Dkt. #449 (Verdict Form); Dkt. #497 (Order Awarding Attorney's Fees and Costs). Defendants do not oppose entry of judgment, but request a post-judgment interest rate of 7.03% under RCW 4.56.110(3). See Response at 1 ("Defendants do not oppose entry of judgment against Golder Associates Inc."). In reply, plaintiffs assert that the interest on the judgment should be 12% per annum under RCW 4.56.110 and 19.52.020. See Reply at 1. For the reasons set forth below, the Court directs entry of judgment with post-judgment interest set in accordance with 28 U.S.C. § 1961.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR ENTRY OF JUDGMENT

## II. DISCUSSION

On April 1, 2005, the Court bifurcated the trial in this case into two phases: phase I for liability and damages; and phase II for the alter ego theory. See Dkt. #259 at 4. On May 31, 2006, the liability and damages phase of the trial was submitted to the jury on two causes of action, breach of contract and indemnity, against a single defendant, Golder Associates, Inc. See Dkt. #443 (Minute Entry). On June 1, 2006, the jury awarded plaintiffs $91,025 for their breach of contract claim, and $1,040,000 for their indemnity claim after a 35% reduction for comparative fault, for a total award of $1,131,025.00. See Dkt. #449.

Thereafter, on July 27, 2006, plaintiffs moved for entry of judgment against defendant Golder Associates, Inc. under Fed. R. Civ. P. 54(b). See Dkt. #462. The Court denied plaintiffs' motion for entry of judgment under Rule 54(b) because phase II of the trial on the alter ego theory had not commenced. See Dkt. #493 (Order Denying Plaintiffs' Fed. R. Civ. P. 54(b) Motion). In response to the Court's order to show cause why the Court should not enter final judgment and dismiss the alter ego theory, or, set phase II for trial, plaintiffs moved for voluntary dismissal of the remaining alter ego theory under Fed. R. Civ. P. 41(a)(2). See Dkt. #498 (Order to Show Cause); Dkt. #502 (Motion for Dismissal). With the Court's entry of plaintiffs' motion for voluntary dismissal of the alter ego theory, no claims remain pending and the Court can enter judgment under Fed. R. Civ. P. 58. The parties consent to entry of judgment. See Motion at 1; Response at 1. The only remaining dispute is the rate of interest to be applied to the judgment.

Both parties erroneously seek application of RCW 4.56.110 for the rate of post-judgment interest in this case. See Response at 3 ("[T]he Court should rule that the entire judgment should bear interest at the rate of 7.03% in accordance with RCW 4.56.110(3)."); Reply at 1 (seeking post-judgment interest at 12% based on RCW 4.56.110 and 19.52.020). The Court's jurisdiction in this case is based on the parties' diversity of citizenship, and in diversity cases,

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR ENTRY OF JUDGMENT          -2-

post-judgment interest is determined by federal law.  See Dkt. #1 (Notice of Removal); #312 (Proposed Pre-trial Order); Onink v. Cardelucci, 285 F.3d 1231, 1235 (9th Cir. 2002) ("It has long been the rule that an award of post-judgment interest is procedural in nature and thereby dictated by federal law.  This rule is best illustrated by the difference in treatment of pre-judgment and post-judgment interest in diversity actions.  In diversity actions brought in federal court a prevailing plaintiff is entitled to pre-judgment interest at state law rates while post-judgment interest is determined by federal law.") (internal citation omitted, emphasis added); Northrop Corp. v. Triad Int'l Mktg. S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) ("It is settled that even in diversity cases post-judgment interest is determined by federal law.") (citation omitted).  Accordingly, interest shall be applied to the judgment in this case in accordance with 28 U.S.C. § 1961.  See Northrop Corp., 842 F.2d at 1155 n.2 ("Under federal law the rate of both prejudgment and postjudgment interest is the Treasury Bill rate as defined in 28 U.S.C. § 1961 unless the district court finds on substantial evidence that a different prejudgement interest rate is appropriate.").

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART "Plaintiffs' Motion for Entry of Judgment Pursuant to FRCP 58" (Dkt. #503).  Accordingly, the Clerk of Court is directed to enter judgment as follows:

"This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.  IT IS ORDERED AND ADJUDGED:

Consistent with the jury's verdict and the Court's October 18, 2006 Order Awarding Attorney's Fees and Costs,

    1. Plaintiffs are awarded judgment against defendant Golder Associates, Inc. in the amount of $1,131,025.00;

    2. Costs are awarded to plaintiffs and against defendant Golder Associates,

1 | Inc. in the amount of $110,166.14;

2 |     3. Attorney's fees are awarded to plaintiffs and against defendant Golder Associates, Inc. in the amount of $520,965.93;

4 |     4. Interest shall accrue on this Judgment at the rate specified by 28 U.S.C. § 1961."

DATED this 16th day of March, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR ENTRY OF JUDGMENT       -4-